IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:21-cv-356-D

SABARA FISHER ROBERTS, )
individually and as Administrator )
of the ESTATE of ADRIAN )
ROBERTS, )
)
    Plaintiff, )
)
           v. )
)
DEPUTY P.A. HERNANDEZ, *et al.*, )
)
    Defendants. )

# **CONSENT CONFIDENTIALITY AND PROTECTIVE ORDER**

This Protective Order is entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, upon the agreement of counsel for the Plaintiff and Defendants in this case. The Court finds as follows:

1. The Cumberland County Sheriff's Office (the "CCSO") is the custodian of certain files and documents maintained or in the possession or control of the CCSO that it is required to maintain as confidential under N.C. Gen. Stat. § 153A-98. Such documents constitute the personnel files of present and former employees of the Cumberland

County Sheriff's Office.  However, the parties acknowledge that in some cases certain of these files and documents may be relevant to Plaintiff's claims in this action, and may be the legitimate subject of discovery requests.  Similarly, Defendants may intend to use certain of these documents in their defense, and, therefore, may be required to disclose such documents under Rule 26(a) with and/or without a formal discovery request from the Plaintiff.

2. The Court finds that it is necessary and appropriate that documents pertaining to present and former employees of the CCSO maintained by or in the possession or control of the CCSO, contained in "personnel files" as that term is used in under N.C. Gen. Stat. § 153A-98, be produced and utilized during the course of this litigation, to the extent that they constitute relevant information, or are likely to lead to the discovery of relevant information.  The Court further finds that it is appropriate that these documents be produced subject to certain protections.

3. Additionally, with respect to materials obtained as a part of the investigation of the events, transactions, circumstances, or occurrences relating to the matters alleged regarding the incident as well as training records and materials, operations plans, and internal affairs,

professional standards, or other related matters, such matters should not be made immediately or widely available during the course of discovery.

4. The Court further finds that it is reasonably necessary and appropriate for the Court to enter this specific protective order and, thus, it is appropriate that these documents be produced subject to certain protections.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED:

1. All documents contained in "personnel files," as that term used in N.C. Gen. Stat. § 153A-98, that are maintained or in the possession or control of the CCSO and are materials created or obtained as a part of the investigation of the events, transactions, circumstances, or occurrences relating to the matters alleged regarding the incident, as well as training records and materials, operations plans, and internal affairs, professional standards, or other related matters are hereby deemed to be confidential and shall not be disclosed except as provided herein. Whether one or more documents, one or more pages, or one or more parts, the materials described in the preceding sentence shall hereinafter be referred to as "Confidential Documents" and shall be subject the terms and provisions of this Order. Confidential Documents subject the terms and provisions of this Order shall also include all

matters contained therein and all extracts, summaries, and derivations thereof.

2. Except as may be otherwise provided by further order of this Court, documents designated as confidential, as well as the matters contained therein, and extracts and summaries thereof, shall be used for no purpose other than prosecuting or defending this action and shall be disclosed only to the persons identified in Paragraph 3 below.

3. Persons who may have access to Confidential Documents and the information contained in those documents are limited to the following:

(a) The United States District Court and its regularly employed staff;

(b) The parties and attorneys of record for the parties, and their legal assistants, other staff members, and law student clerks; insurers, their agents and employees; and outside contractors engaged by attorneys for the parties to host or manage documents and data or photocopy;

(c) a deponent in the action (during a deposition or in preparation therefor) when a Confidential Document is materially related to the questions asked or testimony of such deponent;

(d) Court appointed or approved mediators;

(e) Consultants and technical experts involved in the preparation or defense of this action;

(f) Court reporters, their transcribers, assistants and employees;

(g) Any potential or actual deposition or trial witness to the extent that it is necessary to tender to such witness as an exhibit a Confidential Document in order to elicit testimony relevant to the matters at issue in this case; and

(h) The jury and trier of fact.

4. Plaintiff's or Defendants' counsel may disclose, show, provide, reproduce, or otherwise convey Confidential Documents to any consultant or expert only after receiving from each such consultant or expert a written Declaration signed by the consultant or expert, and agreeing to be bound by the terms of this Order. The Declaration shall be in the form of the document attached as Exhibit A. Each counsel who provides Confidential Documents to a consultant or expert shall maintain a file of Declarations from all consultants or experts to whom such counsel provides Confidential Documents. By signing the Declaration and agreeing to be bound by this Order, a consultant or

expert submits to the jurisdiction of this Court for purposes of the enforcement of this Order.

5. Individuals who are permitted access to Confidential Documents pursuant to decretal paragraph 3 of this Order are hereby ordered not to disclose, show, provide, reproduce, or otherwise convey Confidential Documents to any individual or to any entity who would not otherwise have access to said documents under the provisions of this Order.

6. If a deponent refuses to agree to the non-disclosure provisions of this Order, disclosure of Confidential Documents during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the deponent shall sign the original deposition transcript in the presence of the court reporter, and no copy of the transcript or exhibits shall be given to the deponent.

7. A party who believes that a confidential designation is not appropriate, may seek removal of such a designation from Confidential Documents or from a deposition transcript or interrogatory answer, by motion in accordance with the procedures provided in the Local Rules of this Court.

8. A party seeking to submit particular documents under seal

shall do so according to the Local Rules of this Court, and shall accompany that submission with a motion to seal and a supporting memorandum of law in which the movant specifies the interests which would be served by restricting public access to those documents. The Court will grant the motion only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant outweigh any common law or constitutional right of public access which may attach to the document(s). Documents submitted under seal in accordance with this paragraph shall remain under seal pending the court's ruling.

9. Confidential Documents and the portions of briefs or pleadings containing information obtained from Confidential Documents shall be filed with the Clerk of the Court as provided under the local rules of this Court and may be required to be submitted by other than electronic means in sealed envelopes or other sealed containers on which shall be endorsed the title of this action, an indication of the nature of its contents, the name of the counsel submitting Confidential Documents, the word "CONFIDENTIAL" and a statement in substantially the

following form:

**CONFIDENTIAL AND PRIVILEGED
SUBJECT TO PROTECTIVE ORDER
5:21-cv-356-D**

10. At the conclusion of this case, Confidential Documents produced by a party and subject to this Order shall be returned to the party who produced the Confidential Documents. All other copies of such documents in the possession of any other party or witness, other than the party producing such documents originally, shall be destroyed and not used for any other purpose except as may otherwise be hereafter ordered by this Court or the requisite appellate court.

11. The procedures set forth under the local rules of this Court and in this Order for the handling of Confidential Documents, shall apply to all discovery proceedings and motions, prior to trial. The appropriate procedures to be employed at a trial to allow the efficient and effective presentation of evidence shall be addressed by the parties and the Judge who will conduct the trial, and an order setting forth those procedures shall then enter prior to the start of the trial.

12. In the event that the disposition of this case is appealed to the United States Court of Appeals for the Fourth Circuit, if the matter involves documents that have been ultimately ordered to be sealed by

this Court, then the documents will be maintained by this Court under seal and this order shall remain in effect until such time as an appropriate order regarding the handling of the Confidential Documents is entered by that Court.

SO ORDERED, this the 24th day of October 2022.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge

WE CONSENT:

By: /s/ John J. Coyle
    Daniel N. Purtell
    John J. Coyle
    Lee S. Merritt
    McEldrew Young Purcell Merritt
    122 South Broad Street, Suite 2250
    Philadelphia, PA 19109
    dan@mceldrewyoung.com
    jcoyle@mceldrewyoung.com
    lee@leemerrittesq.com
    Telephone: (215) 545-8800
    *Attorneys for Plaintiff*

By: /s/Allen W. Rogers
    Allen W. Rogers
    North Carolina State Bar No. 15557
    The Rogers Law Firm, PLLC
    111Person Street
    Fayetteville, NC 28301
    allen.rogers@allenrogers-law.com
    Telephone: (910) 677-5481
    *Local Civil Rule 83.1(d) Attorney for Plaintiff*

By: /s/ Ronnie M. Mitchell
　　Ronnie M. Mitchell
　　North Carolina State Bar No. 8423
　　Cumberland County Sheriff's Office
　　Office of Legal Counsel
　　*Attorney for Defendants Deputies*
　　*P.A.Hernandez, P. Sansone,*
　　*D. Doody, L. Fermin, and R. Murphy,*
　　*Sergeant R. Stallings, Captain C. Parker,*
　　*and Sheriff Ennis Wright*
　　131 Dick Street
　　Fayetteville, NC 28301
　　rmitchell@ccsonc.org
　　Telephone: (910) 677-5481


By: /s/ Reginald B. Gillespie, Jr.
　　Reginald B. Gillespie, Jr.
　　North Carolina State Bar No. 10895
　　Wilson Ratledge, PLLC
　　4600 Marriott Drive, Suite 400
　　Raleigh, NC 27612
　　rgillespie@wrlaw.com
　　Telephone: (919) 787-7711
　　*Attorneys for Defendant Justin Evans*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:21-cv-356-D

|  |  |
|---|---|
| SABARA FISHER ROBERTS, individually and as Administrator of the ESTATE of ADRIAN ROBERTS, | ) ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| DEPUTY P.A. HERNANDEZ, *et al.*, | ) ) |
| Defendants. | ) ) |

## DECLARATION

I, _____, hereby acknowledge that I have been provided Confidential Documents subject to the CONSENT CONFIDENTIALITY AND PROTECTIVE ORDER (the "Protective Order") entered in this action. I have received a copy of the Protective Order, have read and understand it, and agree to abide by the requirements of the Protective Order. Without limiting the foregoing,

I understand, acknowledge, and agree that Confidential Documents, as defined in the Protective Order, are subject to the restrictions of the Protective Order and must be maintained in the strictest confidence. I will maintain the Confidential Documents and the information they contain as confidential, and will only utilize them in the course of the litigation of this case. I will not disclose, show, provide, reproduce, or otherwise convey Confidential Documents to any individual or to any entity who would not otherwise have access to said documents under the provisions of the Protective Order.

This the \_\_\_\_\_ day of _____, 20\_\_\_.

_____
(Signature)