IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:21-cv-356-D

SABARA FISHER ROBERTS, )
individually and as Administrator )
of the ESTATE of ADRIAN )
ROBERTS, )
                                  )
      Plaintiff, )
                                  )
           v. )
                                  )
DEPUTY P.A. HERNANDEZ, *et al.*, )
                                  )
      Defendants. )

## **PROTECTIVE ORDER**

Plaintiff and Defendants, by and through their undersigned counsel, and the North Carolina State Bureau of Investigation (hereinafter referred to as "SBI"), by and through its undersigned counsel, requests and stipulate to the entry of this consent order allowing release of SBI Case File No 2020-02332 and all documents, reports, photographs, and recordings related to said case file or the investigation into the circumstances related to Adrian Roberts, to counsel for the Plaintiff and Defendant, pursuant to N.C. Gen. Stat. § 132-1.4.

Counsel for the Plaintiff and Defendants, and counsel for the SBI further stipulate and agree to the following statements of fact which authorize this court's entry of the consent order:

1. Plaintiff and Defendants request the SBI investigative file to assist in their prosecution and defense of the lawsuit filed by the Plaintiff.

2. The SBI file material is relevant to the subject matter involved in the case before this court.

3. Counsel for the SBI has discussed the proposed dissemination with the Special Agent in charge of the investigation, and that agent has no objection to releasing said material.

4. Counsel for the SBI, after reviewing this file, has determined that she has no objections to turning over the material requested to counsel for the parties in response to their request for the following reasons:

> A. No policy reason exists for denial of the request of counsel of the parties for production of these materials;
>
> B. There is no prejudice to the SBI by releasing this material;

    C.    There are no identities of persons contained in the materials which need to be protected;

    D.    Any criminal investigation which might have been the subject of this file has been concluded with no criminal charges presently pending; and

    E.    The interest of the State of North Carolina is not prejudiced in any way by the release of these materials to the counsel for the parties.

5. Except as may be otherwise provided by further order of the Court, documents contained within the SBI file shall be used for no purpose other than prosecuting or defending this action and shall be disclosed only to the persons identified in Paragraph 6 below.

6. Access to and the use of any documents, or any part thereof, designated as part of the SBI file shall be limited to:

    A.    the Court;

    B.    the parties and attorneys of record for the parties;

    C.    court-appointed mediators;

    D.    consultants and technical experts involved in the preparation of this action;

  E. court reporters, their transcribers, assistants, and employees;

  F. any potential or actual deposition or trial witness to the extent that it is necessary to tender to such witness as an exhibit a confidential documents in order to elicit testimony relevant to the matters at issue in this case; and

  G. the jury.

 7. Counsel may make copies of the SBI file materials for Plaintiff or Defense experts upon receiving from said experts a written agreement that they will be bound by the terms of this Protective Order. The requirement of obtaining such an agreement shall be satisfied by having each of the Plaintiff or Defense experts read, acknowledge, and agree in writing to be bound by this Protective Order. A file of all such written acknowledgments shall be maintained by Plaintiff or Defense counsel. By signing the declaration agreeing to be bound by this Protective Order, each of the Plaintiff or Defense experts submits himself or herself to the jurisdiction of this Court for purposes of enforcement of this Protective Order.

8. Individuals who are permitted access to the SBI materials pursuant to Paragraph 7 are hereby ordered not to show, convey, or reproduce any documents so designated or parts thereof, or copies thereof, of any matter contained therein, or any extracts or summaries thereof, to any individual, or to any entity that would not otherwise have access to said documents under the provisions of this Protective Order.

9. Any document designated part of the SBI file and filed with the Court, and any brief referring to such document shall be filed under seal and shall be made available only to Plaintiff, Defendants, and/or persons authorized by the terms of this Protective Order to have access thereto. The party filing any such document shall be responsible for designating to the Clerk that it is subject to this Protective Order and is to be kept under seal. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying:

(a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested;

(b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access;

(c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access;

(d) the reasons why alternatives to sealing are inadequate; and,

(e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court. Said party shall also serve a copy of said motion upon legal counsel for the SBI.

10. At the conclusion of this litigation, each document produced by the SBI and subject to this Protective Order shall be destroyed or returned to the SBI for destruction.

It is hereby ordered that the undersigned counsel for the North Carolina State Bureau of Investigation provide a copy of SBI File # 2020-02332 to the attorneys for the parties listed below.

SO ORDERED, this the 24th day of October 2022.

                                            /s/ Kimberly A. Swank
                                            KIMBERLY A. SWANK
                                            United States Magistrate Judge

WE CONSENT:

By: /s/ John J. Coyle
     Daniel N. Purtell
     John J. Coyle
     Lee S. Merritt
     McEldrew Young Purcell Merritt
     122 South Broad Street, Suite 2250
     Philadelphia, PA 19109
     dan@mceldrewyoung.com
     jcoyle@mceldrewyoung.com
     lee@leemerrittesq.com
     Telephone: (215) 545-8800
     *Attorneys for Plaintiff*


By: /s/Allen W. Rogers
     Allen W. Rogers
     North Carolina State Bar No. 15557
     The Rogers Law Firm, PLLC
     111 Person Street
     Fayetteville, NC 28301
     allen.rogers@allenrogers-law.com
     Telephone: (910) 677-5481
     *Local Civil Rule 83.1(d) Attorney for Plaintiff*

By: /s/ Ronnie M. Mitchell
Ronnie M. Mitchell
North Carolina State Bar No. 8423
Cumberland County Sheriff's Office
Office of Legal Counsel
*Attorney for Defendants Deputies
P.A.Hernandez, P. Sansone,
D. Doody, L. Fermin, and R. Murphy,
Sergeant R. Stallings, Captain C. Parker,
and Sheriff Ennis Wright*
131 Dick Street
Fayetteville, NC 28301
rmitchell@ccsonc.org
Telephone: (910) 677-5481


By: /s/ Reginald B. Gillespie, Jr.
Reginald B. Gillespie, Jr.
North Carolina State Bar No. 10895
Wilson Ratledge, PLLC
4600 Marriott Drive, Suite 400
Raleigh, NC 27612
rgillespie@wrlaw.com
Telephone: (919) 787-7711
*Attorneys for Defendant Justin Evans*


By: /s/ J. Joy Strickland
J. Joy Strickland
North Carolina State Bar No. 25695
Deputy General Counsel
N.C. State Bureau of Investigation
3320 Garner Road
Raleigh, NC 27610
jstrickland@ncsbi.gov
Telephone: (919) 582-8524
*Attorney for N.C. State Bureau of Investigation*