IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-356-D

| | |
|---|---|
| SABARA FISHER ROBERTS, Individually and as Administrator of the Estate of Adrian Roberts, <br><br> Plaintiff, <br><br> v. <br><br> DEPUTY J. EVANS, and SHERIFF ENNIS WRIGHT, <br><br> Defendants. | **ORDER** |

On June 5, 2023, defendant Evans field a motion to compel and motion to dismiss [D.E.71]. On June 8, 2023, defendant Wright filed a motion to compel and motion to dismiss [D.E. 74]. On June 8, 2023, pursuant to 28 U.S.C. § 636(b)(1)(A), the court referred the motions to Magistrate Judge Kimberly A. Swank [D.E. 76]. On August 2, 2023, defendants filed a joint consent motion to extend case management deadlines [D.E. 80] and a motion to hold the dispositive motion deadlines in abeyance [D.E. 81].

On August 15, 2023, Magistrate Judge Swank issued an order and memorandum and recommendation ("M&R") [D.E. 83]. In the order, Judge Swank amended the scheduling order, extended case deadlines, dismissed without prejudice as moot defendants' motion to hold the dispositive motion deadline in abeyance pending the court's ruling on the parties' request for modification of the scheduling order, and dismissed without prejudice as moot defendants' motions to compel discovery. See id. at 2–3. Judge Swank also recommended that the court deny defendants' motions to dismiss the complaint for failure to comply with discovery. See id. at 3.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). If a party makes only general objections, de novo review is not required. See Wells v. Shriners Hosp., 109 F.3d 198, 200 (4th Cir. 1997). In "order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quotation omitted); see United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).

Neither party objected to the M&R. Therefore, the court reviews for clear error. The court has reviewed the M&R and the record. There is no clear error on the face of the record. See Diamond, 416 F.3d at 315.

In sum, the court ADOPTS the conclusions in the M&R [D.E. 83], and DENIES defendants' motions to dismiss [D.E. 71, 74].

SO ORDERED. This 1 day of September, 2023.

                                                                                    JAMES C. DEVER III
                                                                                    United States District Judge