IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:21-CV-356-RJ

| | | |
|---|---|---|
| SABARA FISHER ROBERTS, *individually and as Administrator of the Estate of Adrian Roberts*, | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| DEPUTY J. EVANS, | ) | |
| Defendant. | ) | |

This matter comes before the court on Plaintiff's motion in limine seeking to preclude Defendant Deputy Evans, counsel, witnesses, and exhibits from referring to, eliciting testimony about, offering evidence of, or otherwise placing before the jury any alleged past criminal history of Decedent Mr. Adrian Roberts. [DE-151]. Defendant opposes the motion. [DE-174]. For the reasons that follow, the motion is denied without prejudice.

"A court should grant a motion in limine to exclude evidence only when the evidence is clearly inadmissible on all potential grounds." *Dew v. E.I. Du Pont De Nemours & Co.*, No. 5:18-CV-73-D, 2026 WL 2019414, at *1–2 (E.D.N.C. July 2, 2026) (citing *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275, 2011 WL 5439156, at *1 (E.D.N.C. Nov. 8, 2011); 21 Wright & Miller's Federal Practice & Procedure § 5046 (2d ed. 2026)). "This principle applies because 'a court is almost always better situated during the actual trial to assess the value and utility of evidence.'" *Id.* (citations omitted). For example, a court's ruling on a motion in limine "is subject to change when the case unfolds, particularly if the actual testimony differs from what was

contained in the [moving party's] proffer." *Id.* (quoting *Luce v. United States*, 469 U.S. 38, 41 (1984)).

Under the Federal Rules of Evidence, irrelevant evidence is inadmissible. Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Notwithstanding, even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The court has "broad discretion" in making Rule 403 determinations, and, in doing so, the court "must assess the proponent's need for admission of the evidence in the full evidentiary context of the case." *Dew*, 2026 WL 2019414, at 2 (quoting *Carnell Constr. Corp. v. Danville Redev. & Hous. Auth.*, 745 F.3d 703, 719 (4th Cir. 2014)). Furthermore, "[t]he mere fact that the evidence will damage the [party's] case is not enough—the evidence must be unfairly prejudicial, and the unfair prejudice must substantially outweigh the probative value of the evidence." *Id.* (quoting *PBM Prods. LLC v. Mead Johnson & Co.*, 639 F.3d 111, 124 (4th Cir. 2011)). "Evidence is unfairly prejudicial 'when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence.'" *Id.* (quoting *PBM Prods.*, 639 F.3d at 124). Finally, "Rule 404(b) provides that '[e]vidence of a crime, wrong, or other act is not *admissible* to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character' (emphasis added), but that such evidence may nonetheless be admissible for other purposes, 'such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.'" *United States v. Bell*, 901 F.3d 455, 464–65

(4th Cir. 2018). "It is thus a rule of inclusion because it 'recognizes the admissibility of prior crimes, wrongs, or acts, with only the one stated exception.'" *Id.* (quoting *United States v. Queen*, 132 F.3d 991, 994 (4th Cir. 1997)).

Plaintiff argues that evidence of the Decedent's alleged past criminal history is not relevant to any fact of consequence in this case and should be excluded under Rules 401 and 402 or, alternatively, that it is excludable under Rule 403 because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and needless distraction from the issues the jury must decide. Pl.'s Mot. [DE-151] at 3–6. Defendant contends that the evidence is admissible because it is relevant to the reasonableness of both the shooting and the tactical decisions that preceded it, and it is offered for a permissible non-propensity purpose, i.e., its effect on the officers' knowledge and state of mind, not to prove the Decedent acted in conformity with a violent character. Def.'s Mem. [DE-174] at 5–20.

First, the court finds that, to the extent Deputy Evans had knowledge of the Decedent's criminal history prior to his encounter with the Decedent, such evidence is relevant to whether Deputy Evans's conduct was reasonable. "[U]nder the Fourth Amendment's 'objective reasonableness' standard," we ask whether the officers' use of force was justified "from the perspective of a reasonable officer on the scene." *Morgan v. City of Charlotte*, 180 F.4th 159, 164 (4th Cir. 2026) (quoting *Graham v. Connor*, 490 U.S. 386, 388, 396 (1989)). In doing so, the court must consider "the totality of the circumstances, which includes the moment the officer applied force and '[t]he history of the interaction, as well as other past circumstances known to the officer[.]'" *Id.* (internal citation omitted) (quoting *Barnes v. Felix*, 605 U.S. 73, 80–81 (2025)). "Whether the force use was reasonable 'requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an

immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Rambert v. City of Greenville*, 107 F.4th 388, 397 (4th Cir. 2024) (quoting *Graham*, 490 U.S. at 396).

Defendant asserts that prior to attempting to serve an involuntary commitment order ("IVC Order") on the Decedent, the deputies learned that he had "committed a robbery that ended in a high-speed chase involving law enforcement and had committed domestic-violence assaults, and a deputy familiar with Roberts reported that he was very violent toward law enforcement and that multiple deputies could be required to serve the order and take him into custody." Def.'s Mem. [DE-174] at 4. The court agrees with Defendant that the Decedent's alleged criminal history, including fleeing law enforcement after committing a robbery and acts of violence, is relevant to the tactical decisions made as to how to serve the IVC Order and the danger the Decedent posed to the officers attempting to serve the IVC Order. In *Barnes v. Felix*, the court explained that, in considering the totality of the circumstances, "[p]rior events may show, for example, why a reasonable officer would have perceived otherwise ambiguous conduct of a suspect as threatening. Or instead they may show why such an officer would have perceived the same conduct as innocuous. The history of the interaction, as well as other past circumstances known to the officer, thus may inform the reasonableness of the use of force." 605 U.S. at 80–81. Thus, the Decedent's criminal history is relevant under Rule 401 to the extent Deputy Evans was aware of it prior to their interaction.

Second, the potential probative value is not outweighed by the risk of prejudice, jury confusion, or other Rule 403 considerations. While Plaintiff asserts that the probative value of "the alleged criminal history is, at most, marginal because excessive force and officer reasonableness when a man is shot in his back inside his own home by officers during a health

emergency are unrelated to past criminal charges." Pl.'s Mot. [DE-151] at 5, those factual circumstances are contested, which is precisely why the criminal history here is highly relevant to the reasonableness of Deputy Evans's conduct. *See Roberts v. Cumberland Cnty.*, No. 5:21-CV-356, 2024 WL 4350315, at *7 (E.D.N.C. Sept. 30, 2024), *appeal dismissed sub nom. Roberts v. Evans*, 163 F.4th 105 (4th Cir. 2026). As for potential jury confusion, the court can issue a limiting instruction regarding the permitted use of Rule 404(b) evidence to mitigate any risk of confusion or unfair prejudice. *See United States v. Lespier*, 725 F.3d 437, 448 (4th Cir. 2013) (finding court engaged in proper balancing under Rule 403 where risk was "effectively mitigated by the court's carefully framed limiting instructions regarding proper consideration of such evidence.") (quoting *United States v. White*, 405 F.3d 208, 213 (4th Cir. 2005) ("[A]ny risk of such prejudice was mitigated by a limiting instruction from the district court clarifying the issues for which the jury could properly consider [the Rule 404(b)] evidence.")).

Accordingly, the motion is denied without prejudice to renew the motion at trial should the evidence as presented warrant reconsideration of the issues.

SO ORDERED, this the 22 day of September, 2026.

Robert B. Jones, Jr.
United States Magistrate Judge